
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RAUL BAEZ- DE-JESUS
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

CIVIL NO. 08-1932(PG)
RELATED CRIM. 05-016(PG)

## OPINION & ORDER

Before the Court is Petitioner's 28 U.S.C. Sec. 2255 Habeas Corpus Petition (D.E.1)[1]. Respondent filed a Response to the Petition (D.E.3). For the reasons discussed below, the Court finds the Petition shall be DENIED.

## I. BACKGROUND

On January 19, 2005, Petitioner, Raul Baez-De-Jesus, hereinafter "Petitioner" of "Baez-De-Jesus") and another co-defendant were indicted by a Federal Grand Jury (Crim. D.E. 14)[2].

Count One (1) charged Petitioner with on or about December 24, 2004, in the District of Puerto Rico and elsewhere within the jurisdiction of this Court, Baez-De-Jesús and another co-defendant, aiding and abetting each other, did knowingly, willfully, intentionally and unlawfully, possess with the intent to distribute approximately two hundred and twenty (220) kilograms (gross weight) of cocaine, a Schedule II Narcotic Drug Controlled Substance, in

---

[1] D.E. is an abbreviation of docket entry number.

[2] Crim.D.E. is an abbreviation of criminal docket entry.

Civil No. 08-1932(PG)                                                    Page 2

violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2 (Crim.D.E. 14).

Count Two (2) charged Baez-De-Jesús, along with his co-defendant with on or about December 24, 2004, in the District of Puerto Rico and elsewhere within the jurisdiction of this Court, Petitioner and co-defendant aided and abetted each other did knowingly, willfully, intentionally and unlawfully, imported into the United States, from a place outside thereof, approximately two hundred and twenty (222) kilograms (gross weight) of cocaine, a Schedule II Narcotic Drug Controlled Substance, in violation of Title 21, United States Code, Section 952(a), and Title 18, United States Code, Section 2 (Crim.D.E.14).

On June 15, 2005, Baez-De-Jesús, through his counsel, filed a Motion for Change of Plea (Crim.D.E. 33). On July, 5, 2005, Change of Plea Hearing was held (Crim.D.E. 35).
Petitioner entered a plea of guilty to both Counts One and Two of the Indictment[3](Crim.D.E. 35).

On October 17, 2005, the Pre-Sentence Report was filed (Crim.D.E. 46). Subsequent to its filing what ensued was a series of motion filed by Petitioner's counsel requesting a downward adjustment for minor role in the offense as well as request for particular Brady material. On April 26, 2006, Petitioner's Sentencing Hearing was held (Crim.D.E. 85). Baez-De-Jesús was sentenced to a term of imprisonment of one hundred and thirty five (135) month as to each

---

[3]Baez-De-Jesús, entered a straight plea meaning he had no plea agreement with the government (Transcript of Change of Plea Hearing of July, 5, 2005).

Civil No. 08-1932(PG) Page 3

count (one and two) to be served concurrently with each other. A term of Supervised Release of five (5) years as to each count, to be served concurrently with each other and a Special Monetary Assessment of one hundred (100) dollars as to each count for a total amount of two hundred (200) dollars[4] (Crim.D.E. 85). On April 28, 2006, Judgment against Petitioner was entered (Crim.D.E. 86). On May 5, 2006, Baez-De-Jesús file a Notice of Appeal (Crim.D.E. 88). On May, 1, 2007, the First Circuit Court of Appeals entered a Judgment dismissing Petitioner's appeal; on May 22, 2007, the Court of Appeals denied a rehearing on the matter (Appeal No. 06-1876). On June 22, 2007, the Mandate of the Court of Appeals was entered (Crim.D.E. 105). Petitioner did not file a Petition for Certiorari. Therefore, Baez-De-Jesús' conviction became final on August 20, 2007. His Petition for relief pursuant to Section 2255 was delivered to prison authorities on August 12, 2008, as such the same is timely (D.E. 1).

**II. DISCUSSION**

In his 2255 Petition, Baez-De-Jesús raises three (3) issues: Ineffective Assistance of Appeals Counsel for failure to argue on appeal the issue of the Court's denial of minor role departure to his sentence. Ineffective Assistance of Appeals Counsel for failure to argue and submit evidence of his unwilling participation in the offense. Petitioner's final allegation is of Court error for failure to recognize it had the authority to depart downward in Petitioner's sentence (D.E. 1).

---

[4]The Court did not grant the minor role adjustment as requested by Petitioner.

Baez-De-Jesús' allegations lack merit and are contradicted by the record and are therefore **DENIED**.

**A. 28 U.S.C. Sec. 2255 standards and exhaustion requirements**

Title 28 U.S.C. Sec. 2255 allows a federal prisoner to move the court to vacate, set aside, or correct his sentence if one of the following events happens:

1. the sentence was imposed in violation of the Constitution or laws of the United States...
2. the court was without jurisdiction to impose the sentence
3. The sentence was in excess of the maximum authorized by law or...
4. The sentence is otherwise subject to collateral attack.

When a prisoner files a motion for relief pursuant to section 2255, the court may dismiss the motion without an evidentiary hearing if "the motion and files and records of the case show conclusively that the movant is not entitled to relief."

It is well settled law that a section 2255 motion is not a substitute for an appeal. Therefore, the defendant must first raise his claims on direct appeal before bringing the claim in a section 2255 motion. United States v. Essig, 10 F.3d 968 (3d Cir 1993). If a defendant fails to preserve his claim on direct appeal a court may not consider the claim in a subsequent section 2255 motion, unless the defendant can establish "cause and prejudice", United States v. Frady, 456 U.S. 152, 167 (1982); or a "fundamental miscarriage of justice". Murray v. Carrier, 477 U.S. 478, 496 (1986). The exception

to this dogma of the exhaustion requirement is the allegation of ineffective assistance of counsel which may be brought for the first time in a section 2255 motion.

**B. Claim of Ineffective Assistance of Counsel**

To establish ineffective assistance of counsel, a defendant must show that:

1. His attorney's performance was deficient, and
2. The deficient performance prejudice his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984).

In order to establish deficiency, a defendant must establish that counsel's performance "fell below an objective standard of reasonableness under prevailing professional norms." Strickland 466 U.S. at 688. Under Strickland counsel is presumed to have acted within the range of "reasonable professional assistance," and it is defendant who bears the burden of "overcoming the presumption that, under the circumstances, that challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689. To show prejudice, a defendant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

Claims of ineffective assistance of appellate counsel are measured under the Strickland standard, Evitts v. Lucy, 469 U.S. 287(1985). Appellate counsel is not required to raise every non-frivolous claim, but rather selects among them to maximize the

likelihood of success on the merits, <u>Lattimore</u> v. <u>Dubois</u>, 311 F.3d 46 (1st Cir. 2002).

Where appellate counsel is charged with ineffectiveness for failure to raise a particular claim, "it is difficult to demonstrate that counsel was incompetent." <u>Smith</u> v. <u>Robbins</u>, 528 U.S. 259 at page 288 (2000). To overcome the presumption of competence of appellate counsel, a petitioner must show that the omitted issues were "clearly stronger" than those counsel chose to assert. Baez-De-Jesús has not made such a showing.

Petitioner alleges that appellate counsel was ineffective in his failure to appeal the Court's determination not to apply the minor participant downward departure to his sentence. In order to prevail in this claim Baez-De-Jesús must establish that this issue had a greater probability of success than the one actually argued by appellate counsel.

A review of the record and of the Sentencing Hearing transcript leaves no doubt that Baez-De-Jesús' trial counsel argued ad nauseam for the departure in question. Baez-De-Jesus Sentencing Hearing transcript is a total of fifty four (54) pages, of those pages six (6) through thirty five(35) are the argument back and forth between trial counsel, the Government and the Court as to the issue of the minor participant departure. At one point in the discussion the Court reviewed the transcripts of recorded conversations between Petitioner and one of the leaders of the drug organization (Mr. Viagra). Upon the Court's minacious review of the conversation it made the following statement:

> "Suffice it to say that your client is in the midst of the planning of this trip. He is not a minor participant. He is talking with the top guy. And convinced him he is going with no one, or at least not with three guys, as Mr. Viagra is talking about. There is suggestion there of prior trips, who knows what Mr. Viagra is talking about. The language that they are using there is typical of people who are talking about a drug deal, in this case a drug shipment. And now I'm even more convinced that your client is not a minor participant. Your request for a minor role for your client is denied" (Sentencing Hearing Transcript of April 26, 2006, at page 27).

The transcript further indicates that even after the Court's ruling on the matter the argument for the minor role adjustment continued. Once again the Court clearly informed counsel of his ruling.

> The Court:...I don't know how much days they spent in St. Thomas. I don't know when they left. But all this precisely, all the arguments you have made and everything you read precisely tells me that your client, completely different from Rijos, who was taken fishing, and then he is out there fishing and they go to a key and they get a call and they go to another key to pick up drug.
> Your client three, four days, before is talking to the head guy, he's talking to the other individuals, he's saying he's willing to do the job and I don't want to go with three guys, like you say, I'm going with two guys. I've

done this before. I'm going up there and if I get caught, I'm going to be screwed. And I've I have an accident. Your client is not a minor participant. He is involved in this fairly-(Sentencing Hearing Transcript of 4/26/2006, pages 34-35).

A review of the Sentencing Hearing Transcript makes it pellucidly clear that the Court not only listened to counsel's argument for minor role adjustment but took an active role in analyzing, discussing and providing input as to the nature of the evidence presented. Petitioner now wishes the Court to believe that appellate counsel was ineffective for not raising this same issue on appeal. Clearly appellate counsel from a mere reading of the record understood that the minor role adjustment sought by Baez-De-Jesús was simply unsustainable, frivolous and not a arguable on appeal.

Petitioner has failed in his attempt of ineffective assistance of appellate counsel as to the issue of minor role adjustment therefore the same is **DENIED**.

Baez-De-Jesús' second argument of ineffective assistance of appellate counsel is that he failed to present the argument of his unwilling participation in the offense. Petitioner alleges that the only reason that he participated in the drug smuggling venture was to save his wife's life.

The record is complete void of even an incling of such an event. There is absolutely no evidence, reference or even allegation as to the effect that Baez-De-Jesús was an unwilling participant or that he was forced to participate in order to save a family member.

Appellate counsels must submit arguments to the Circuit Court that they deem are worthy of review and sustainable by the record. Mere allegations without any additional information or evidence are in no way considered sustainable arguments on appeal. Appellate counsel is not required to raise every non-frivolous claim, but rather selects among them to maximize the likelihood of success on the merits, Lattimore v. Dubois, 311 F.3d 46 (1st Cir. 2002).

Having established that there is absolutely no basis for such a preposterous argument, Petitioner's second allegation of ineffective assistance of appellate counsel is **DENIED**.

Petitioner's final allegation is of Court error for failure to recognize it had the authority to depart downward in Petitioner's sentence. This too shall be DENIED. The record and the Sentencing Hearing Transcript clearly indicate that the Court was well aware that, if it deemed warranted, it could depart downward in Petitioner's sentence. It did not do so because the facts of the case did not warrant such a departure. There was absolutely no lack of knowledge on the part of the Court.

On appeal the First Circuit Court reviewed the Court's denial of a downward departure to Petitioner's sentence, based on Government misconduct, and determined "We conclude from our review of the record in this case that the sentencing court was aware of its authority to depart based on government misconduct, but in the excercise of its discretion, the court declined to do so under the circumstances as it found them to be" United States v. Baez-De-Jesús, 223 Fed. Appx.7, 9(2007, not submitted for publication).

Civil No. 08-1932(PG)                                              Page 10

Furthermore, the Sentencing Hearing transcript leaves no doubt as to the Court's full awareness and understanding of its ability to depart if it deemed appropriate.

> The Court: The Court will not grant the requested amendment to the presentence report for minor participant.
>
> I have reviewed the evidence that you submitted to probation officer. But, still, I think that this defendant, his participation was such that cannot be categorized as minor.
>
> First of all, as counsel stated, he was to be paid a substantial amount of monies for his transportation.
>
> He left Puerto Rico. He went to St. Thomas to pick up the load. From St. Thomas he came back to Puerto Rico. It was approximately 220 kilograms of cocaine.
>
> When intercepted by the authorities, he and his companions started dumping the cocaine into the sea. As a matter of fact, the boat was rammed.
>
> And as to his co-defendant Christian Sanchez, the Court did not sentence him as a minor participant either.
>
> So I will not grant the request that he be given a role on the offense as a minor participant.
>
> (Sentencing Hearing Transcript of 4/26/2066, at 6-7).

Simply put, the Court knew it could depart it choose not to upon a thorough review of the evidence which clearly established that Baez-De-Jesús was not a minor participant in the offense. As such Petitioner's final allegation is to DENIED.

### III. CONCLUSION

For the reasons stated, the Court concludes that Petitioner **RAUL BAEZ-DE-JESUS**, is not entitled to federal habeas relief on the claims. Accordingly, it is ordered that petitioner **RAUL BAEZ-DE-JESUS'** request for habeas relief under 28 U.S.C. Sec. 2255(D.E.#1) is **DENIED**, and his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. Sec. 2255 is **DISMISSED WITH PREJUDICE.**

### IV. CERTIFICATE OF APPEALABILTY

For the reasons previously stated the Court hereby denies Petitioner's request for relief pursuant to 28 U.S.C. Section 2255. It is further ordered that no certificate of appealability should be issued in the event that Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. 2253(c)(2).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 9th of February 2012.

Juan M. Pérez-Giménez
Senior United States District Judge